IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  RAY F. GARMAN, III, | : | Chapter 7 |
| | : | |
| Debtor. | : | Bankruptcy No. 05-37483(BIF) |
| | : | |

**WEIR & PARTNERS LLP'S REPLY TO MIA MAYER'S OBJECTION TO TRUSTEE'S FINAL APPLICATION FOR COMPENSATION AND PROPOSED DISTRIBUTION**

Weir & Partners LLP ("Weir"), as an unsecured creditor of the above captioned Chapter 7 estate, hereby submits the following reply in opposition to Mia Mayer's Objection to Trustee's Final Application for Trustee's Commission and Expenses and Trustee's Proposed Distribution of Property of the Estate (the "Mayer Objection") and, in support of its Objection to the Settlement Motion, Weir states the following:

1. Weir submits this reply in opposition to the Mayer Objection and, in particular, to that part of the Mayer Objection that seeks to elevate the priority (for purposes of distribution) of Mia Mayer's ("Mayer") claim against the Debtor's estate in direct contravention of the Settlement Agreement entered into by and between Gary F. Seitz, the Chapter Trustee ("Trustee"), Mia Mayer Garman ("Mayer") and defendant Waverly Deans ("Deans") in adversary proceeding number 06-608 (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "A".

2. The Trustee filed a motion to approve the Settlement Agreement and, the Settlement Agreement was approved by the Memorandum Opinion and Order of this Court dated March 27, 2007. A true and correct copy of the Memorandum Opinion and Order is attached hereto as Exhibit "B".

3. The Settlement Agreement approved by this Court included a provision whereby the parties thereto, including Mayer, agreed that, "[f]or purposes of distribution to unsecured creditors, Mayer shall be allowed a *general unsecured claim* against the Debtor's estate in the amount of $7,500,000.00 on account of her prepetition claim . . ."

4. In the Settlement Agreement, Mayer also agreed to subordinate her right to receive any distribution on account of her prepetition claim to the right of other holders of unsecured claims to first receive a distribution in the amount of 10% on such claims.

5. In other words, Mayer agreed that the holders of unsecured claims (other than Mayer and Waverly Deans) must receive a distribution equal to 10% of their claims before Mayer would receive any distribution from the estate.

6. Notwithstanding the clear intent of the parties in the Settlement Agreement that Mayer's claim, for purposes of distribution, be treated as a partially subordinated general unsecured claim, Mayer contends that such claim be treated, for purposes of distribution, as a priority unsecured claim pursuant to 11 U.S.C. §507(a)(7).

7. Under Mayer's view, Mayer would receive a distribution of $250,429.90, which constitutes all of the net proceeds to be distributed by the Trustee (after payment of administrative expense claims and priority claims).

8. Under Mayer's view, no other creditor, including Weir, would receive any distribution.

9. Clearly Mayer's proposed distribution is inconsistent with the intent of the parties to the Settlement Agreement and, in point of fact, not consistent with the Court's prospective analysis when it approved the Settlement Agreement. *See, e.g.* Attachment 2 to Order approving Settlement Agreement, Exhibit "B" hereto.

10. In the Court's careful analysis made in connection with determining whether to approve the Settlement Agreement, the Court endeavored to show that the Settlement Agreement was in the best interests of the bankruptcy estate, *i.e.* the interest of the creditors, such being the standard by which a Bankruptcy Court determines whether it is appropriate to approve a settlement pursuant to Bankruptcy Rule 9019(a). *See* Memorandum Opinion at page 19, Exhibit "B" hereto.

11. Critical to the analysis of the Court in this regard was its recognition that unsecured creditors would receive some distribution under the Settlement Agreement specifically because Mayer ". . . agreed to discount her claim and to partially subordinate it . . ." *See* Memorandum Opinion at page 25, Exhibit "B" hereto.

12. This Court further stated that "[a]lthough the trustee would have only about $210,000.00 to distribute to general unsecured creditors under the settlement, Weir & Partners, for example, would receive about $105,000.00. *See* Memorandum Opinion at page 25, Exhibit "B" hereto.

13. Mayer's attempt to elevate the priority of her claim for purposes of distribution, therefore, is in direct contravention of the Settlement Agreement and the Order approving the Settlement Agreement and should be denied in this regard.

WHEREFORE, Weir & Partners LLP, respectfully requests that this court reject Mayer's objection to the Chapter 7 Trustee's Motion and grant such other relief as is just and proper.

WEIR & PARTNERS LLP

BY:/s/ Jeffrey S. Cianciulli, Esquire
Walter Weir, Jr., Esquire
Jeffrey S. Cianciulli, Esquire

Dated: February 23, 2009